IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATTICE TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-109-L-BN |
| | § | |
| BH SECURITY, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lattice Technologies, LLC filed a complaint for patent infringement against Defendant BH Security, LLC [Dkt. No. 1] alleging that BH Security has infringed directly or indirectly one or more claims of a patent assigned to Lattice: United States Patent No. 8,098,153 (the "'153 Patent") "entitled 'System and method of providing emergency response to a user carrying a user device,'" *id.*, ¶ 9; Dkt. No. 1-1.

United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 7.

BH Security has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 12. Lattice responded. *See* Dkt. No. 18. And BH Security replied. *See* Dkt. No. 19.

And the undersigned recommends that the Court grant the motion and dismiss the complaint with prejudice.

## Legal Standards

While "[i]ssues that are unique to patent law are governed by Federal Circuit precedent," because courts "apply the law of the regional circuit when deciding whether to grant a motion to dismiss under Rule 12(b)(6) in a patent case," the Court should analyze the motion to dismiss based on "Fifth Circuit and [United States] Supreme Court authority." *Lemko Corp. v. Microsoft Corp.*, No. 3:22-cv-363-L-BT, 2024 WL 3798217, at *3 (N.D. Tex. July 29, 2024) (citations omitted), *rec. accepted*, 2024 WL 3806350 (N.D. Tex. Aug. 13, 2024).

Under this authority, a motion under Rule 12(b)(6) is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Considering such a motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

So a court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant] is liable." *Sewell*, 974 F.3d at 581; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume

true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Summed up, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

For example, when reviewing motions to dismiss in patent infringement cases, it is proper to "take judicial notice of information found on agency websites," and such information could include a patent's prosecution history. *ZitoVault, LLC v. Int'l Bus. Machs. Corp.*, No. 3:16-cv-962-M, 2018 WL 2971131, at *2 n.4 (N.D. Tex. Mar. 29,

2018) ("Plaintiff's exhibits from the prosecution history of IBM's patent are all available from the U.S. Patent and Trademark Office's website, at www.uspto.gov. The Court accordingly takes judicial notice of the prosecution history.").

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims,

the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

**Analysis**

Lattice is correct that the Court may consider the claim chart attached to its complaint [Dkt. No. 1-2] to determine the plausibility of its infringement allegations. *See Katrina*, 495 F.3d at 205; *Gill*, 941 F.3d at 511.

That chart, limited to one method claim, applies "publicly available evidence" from BH Security's website "to the claim elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (cleaned up); *see generally* Dkt. No. 1-2.

Absent that chart, Lattice's complaint is limited to "conclusory statements" and "naked assertions" that the Court may not "presume [to be] true," *Armstrong*, 60 F.4th at 269 (cleaned up); *see* Dkt. No. 1 at 1-5.

So, to determine if Lattice's factual content allows for a reasonable inference that BH Security has infringed the '153 Patent (directly or indirectly), the undersigned will focus on the claim chart, keeping in mind that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method

or product," and, so, "[f]or process patent or method patent claims, infringement occurs when a party performs all of the steps of the process." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007) (citations omitted), *overruled on other grounds by Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc).

BH Security argues in part that

> [t]he most glaring deficiencies in Plaintiff's claim chart arise with respect to two separate limitations in Claim 1 that each require "automatically establishing communication" with contacts. Dkt. 1 Ex. 1, Claim 1. Plaintiff's attached claim chart fails to plausibly allege that BH Security meets either of these limitations. The only mention of "automatically" establishing communication in Plaintiff's claim chart appears in the first sentence of each limitation and merely parrots the claim language itself without ever actually alleging that BH Security performs this claim step. Plaintiff's chart otherwise ignores this requirement for "automatically" establishing communication, failing to plausibly allege that that BH Security establishes communications with the contacts automatically.

Dkt. No. 12 at 13 (cleaned up).

BH Security continues: "Rather than establish communication with contacts automatically, BH Security does the opposite – a live operator manually calling if needed only after the operator manually reviews certain information. Plaintiff's claim chart effectively concedes this operation by citing to many instances of BH Security statements regarding the manual operation of its system." *Id.* at 14 (cleaned up).

And BH Security concludes: "Thus, Plaintiff not only does not – it cannot – allege that BH Security establishes communication with contacts automatically. BH Security's monitoring centers work the opposite way. BH Security's monitoring centers are staffed by live operators who, in response to alerts, decide whether to

make outbound calls after reviewing certain information and then manually make those calls. Nothing in Plaintiff's claim chart suggests otherwise. Plaintiff accordingly fails to state a plausible claim of infringement for the two 'automatically establishing communication' limitations." *Id.* at 15 (cleaned up).

Lattice responds that, as to these arguments for Rule 12(b)(6) dismissal, "[w]hat BH Security really raises is an improper factual dispute, simply denying that its call centers place calls 'automatically.' This is precisely the type of factual dispute that cannot be resolved on a motion to dismiss." Dkt. No. 18 at 4-5 (cleaned up). Lattices continues: "BH Security's position would be subject to discovery and could be relevant to its non-infringement defense, but it has nothing to do with whether Plaintiff has sufficiently alleged infringement." *Id.* at 5. And, so, according to Lattice, "[t]he claim chart attached to the Complaint contains detailed factual allegations that, when taken as true, establish a plausible claim for direct infringement." *Id.*

The undersigned cannot agree with Lattice's assertions.

Lattice stakes the plausibility of its infringement allegations on screenshots from BH Security's publicly available website that are incorporated into an exhibit to the complaint. And, insofar as the content of that exhibit contradicts an allegation, "then indeed the exhibit and not the allegation controls." *Riley*, 355 F.3d at 377. And that content – those statements on BH Security's website, describing how its system operates – directly contradicts a required step in the process for alleging infringement of the method patent here: "automatically establishing communication" with contacts. *See, e.g.*, Dkt. No. 1-2 at 45 & 51 (alleging that BH Security's "automatically

establishing communication with one of the contacts" (and thus its infringement of the patent) has been alleged through a website screenshot reflecting BH Security employees "review the information" sent "[w]hen your alarm system is triggered" and, if needed, will "call the police, fire department, or EMT").

And, so, the Court is not facing a question of "disputed facts" that it cannot "resolve" at the pleadings stage. *Sewell*, 974 F.3d at 581.

Instead, Lattice has presented the Court with allegations (again, the content of an exhibit attached to its complaint) that "renders [its] infringement claim not even possible, much less plausible." *Bot M8 LLC*, 4 F.4th at 1354 ("Under *Iqbal/Twombly*, allegations that are 'merely consistent with' infringement are insufficient. Where, as here, the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim. As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court." (cleaned up)).

And, where "direct infringement claims are insufficient as pleaded," "indirect infringement claims also fail." *Lemko Corp. v. Microsoft Corp.*, No. 3:22-cv-363-L, 2023 WL 11944548, at *8 (N.D. Tex. Sept. 28, 2023); *see also Lemko*, 2024 WL 3798217, at *6 ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); *In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012))).

The motion to dismiss should therefore be granted in full.

And, while Lattice requested leave to amend in its response to the motion to dismiss, *see* Dkt. No. 18 at 6, it failed to explain how it would amend its allegations to cure the defects cited in BH Security's motion, which the undersigned agrees render Lattice's infringement claims not plausible, *cf. Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And, even though Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires," FED. R. CIV. P. 15(a)(2), and thus provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), "a district court need not grant a [request] to amend if doing so would be an exercise in futility," *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) (citations omitted).

And, so, for the reasons set out above, the undersigned finds that Lattice's effectively pleading itself out of court amounts to "a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981), and recommends that the Court dismiss Lattice's complaint with prejudice.

**Recommendation**

The Court should grant Defendant BH Security, LLC's motion to dismiss [Dkt. No. 12] and dismiss with prejudice Plaintiff Lattice Technologies LLC's complaint [Dkt. No. 1].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE