IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATTICE TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-0109-L(BN) |
| | § | |
| BH SECURITY, LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On December 19, 2025, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 21) was entered, recommending that the court grant Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 9) ("Defendant's Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state plausible claims for direct and indirect patent infringement and dismiss all claims with prejudice. On January 2, 2026, Plaintiff Lattice Technologies, LLC ("Lattice" or "Plaintiff") filed objections and on January 16, 2026, Defendant BH Security, LLC ("BH Security" or "Defendant") filed its response to Lattice's objections (Doc. 25). On January 23, 2026, Lattice filed a reply (Doc. 26).

## I.      Unauthorized Pleadings

As a preliminary matter, the court has made abundantly clear in the Standing Order of Reference referring this case to the magistrate judge for pretrial management (Doc. 7), that it does not allow parties to file reply briefs to the magistrate judge's orders or findings and recommendations absent leave of court, which was not sought or granted here. The court further warned that any reply filed without leave of court in violation of the court's order would be stricken or disregarded. Accordingly, the court **strikes** Lattice's reply brief (Doc. 26) and does not consider

Order - Page 1

it in ruling on Lattice's objections. The court also **strikes** the following filings associated with Lattice's reply: Defendant's Opposed Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Objections (Doc. 27); Plaintiff Lattice Technologies, LLC's Opposition to Defendant's Motion for Leave to File a Sur-Reply (Doc. 28); and Defendant BH Security, LLC's Reply in Support of its Motion for Leave to File a Sur-Reply (Doc. 29).

## II.      Summary of Lattice's Allegations

On January 15, 2025, Lattice filed a complaint for patent infringement against BH Security (Doc. 1) alleging that BH Security has infringed directly or indirectly one or more claims of a patent assigned to Lattice: United States Patent No. 8,098,153 (the "'153 Patent") "entitled 'System and method of providing emergency response to a user carrying a user device.'" Doc. 1 ¶ 9; Doc. 1-1. All three independent claims require: (1) "automatically establishing communication" with a contact; and (2) "automatically establishing communication" with another contact until receiving an accepted response. Doc. 1, Ex. 1 at 14:22-53. Claim 1 is the only claim identified as an asserted claim. Doc. 1, Ex. 2 (charting only Claim 1). The other independent claims recited in the '153 Patent, Claims 11 and 16, however, similarly recite the "automatically [establishes communication]/[notifying]" limitations. Doc. 1, Ex. 1 at 15:44-57, 16:34-49. Lattice appends a claim chart to the Complaint addressing a single claim (Claim 1) to support its infringement claim. Doc. 1, Ex. 2. The chart contains screen shots repeated for various elements of the claim. *Id.*

During prosecution of the application that led to the '153 Patent, the applicant amended the claims to recite, among other things, the second "automatically establishing communication" limitation to overcome the prior art. Doc. 12-1 at 2 (June 24, 2011, Amendment to Claims).[1]

---

[1] Courts may properly consider a patent's prosecution history in deciding a motion to dismiss. *See, e.g., HOYA Corp. v. Alcon Inc.*, 2021 WL 4476739, at *3 (N.D. Tex. Sept. 30, 2021).

Order - Page 2

### III.    The Magistrate Judge's Report

After the undersigned referred this matter to the magistrate judge for pretrial management under 28 U.S.C. § 636(b) (Doc. 7), BH Security moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 12. Among other things, BH Security argued that:

> [t]he most glaring deficiencies in Plaintiff's claim chart arise with respect to two separate limitations in Claim 1 that each require "automatically establishing communication" with contacts. Dkt. 1 Ex. 1, Claim 1. Plaintiff's attached claim chart fails to plausibly allege that BH Security meets either of these limitations. The only mention of "automatically" establishing communication in Plaintiff's claim chart appears in the first sentence of each limitation and merely parrots the claim language itself without ever actually alleging that BH Security performs this claim step. Plaintiff's chart otherwise ignores this requirement for "automatically" establishing communication, failing to plausibly allege that that BH Security establishes communications with the contacts automatically.

Doc. 12 at 13 (cleaned up). BH Security concluded,

> Thus, Plaintiff not only does not – it cannot allege that BH Security establishes communication with contacts automatically. BH Security's monitoring centers work the opposite way. BH Security's monitoring centers are staffed by live operators who, in response to alerts, decide whether to make outbound calls after reviewing certain information and then manually make those calls. Nothing in Plaintiff's claim chart suggests otherwise. Plaintiff accordingly fails to state a plausible claim of infringement for the two 'automatically establishing communication' limitations.

*Id.* at 15 (cleaned up).

After the Motion was fully briefed, on December 19, 2025, the magistrate judge issued his Report recommending that the court "grant the motion and dismiss the complaint with prejudice." Doc. 21 at 1. To reach his decision, the magistrate judge first agreed with BH Security that the court "may consider the claim chart attached to its complaint [Dkt. No. 1-2] to determine the plausibility of its infringement allegations." Doc. 21 at 6 (citing cases). The magistrate judge reasoned as follows:

> That chart, limited to one method claim, applies "publicly available evidence" from BH Security's website "to the claim elements." *Bot M8 LLC v. Sony*

*Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (cleaned up); *see generally* Dkt. No. 1-2.

Absent that chart, Lattice's complaint is limited to "conclusory statements" and "naked assertions" that the Court may not "presume [to be] true," *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (cleaned up); *see* Dkt. No. 1 at 1-5.

So, to determine if Lattice's factual content allows for a reasonable inference that BH Security has infringed the '153 Patent (directly or indirectly), the undersigned will focus on the claim chart, keeping in mind that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method or product," and, so, "[f]or process patent or method patent claims, infringement occurs when a party performs all of the steps of the process." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007) (citations omitted), *overruled on other grounds by Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc).

Lattice stakes the plausibility of its infringement allegations on screenshots from BH Security's publicly available website that are incorporated into an exhibit to the complaint. And, insofar as the content of that exhibit contradicts an allegation, "then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). And that content – those statements on BH Security's website, describing how its system operates – directly contradicts a required step in the process for alleging infringement of the method patent here: "automatically establishing communication" with contacts. *See, e.g.*, Dkt. No. 1-2 at 45 & 51 (alleging that BH Security's "automatically establishing communication with one of the contacts" (and thus its infringement of the patent) has been alleged through a website screenshot reflecting BH Security employees "review the information" sent "[w]hen your alarm system is triggered" and, if needed, will "call the police, fire department, or EMT").

And, so, the Court is not facing a question of "disputed facts" that it cannot "resolve" at the pleadings stage. *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Instead, Lattice has presented the Court with allegations (again, the content of an exhibit attached to its complaint) that "renders [its] infringement claim not even possible, much less plausible." *Bot M8 LLC*, 4 F.4th at 1354 ("Under *Iqbal/Twombly*, allegations that are 'merely consistent with' infringement are insufficient. Where, as here, the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim. As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court." (cleaned up)).

> And, where "direct infringement claims are insufficient as pleaded," "indirect infringement claims also fail." *Lemko Corp. v. Microsoft Corp.*, No. 3:22-cv-363-L, 2023 WL 11944548, at *8 (N.D. Tex. Sept. 28, 2023); *see also Lemko*, 2024 WL 3798217, at *6 ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); *In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012))).

Doc. 21 at 8-9 (cleaned up).

On this reasoning, the magistrate judge recommended that the "motion to dismiss should be granted in full." *Id.* at 10. Further, he recommended that the court dismiss the Complaint with prejudice. *Id.* Although he recognized that Plaintiff requested leave to amend in its response to Defendant's Motion, he noted that Plaintiff "failed to explain how it would amend its allegations to cure the defects cited in BH Security's motion, which the undersigned agrees render Lattice's infringement claims not plausible." *Id.* (citation omitted). In addition, he stated:

> And, even though Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), and thus provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), "a district court need not grant a [request] to amend if doing so would be an exercise in futility," *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) (citations omitted).
>
> And, so, for the reasons set out above, the undersigned finds that Lattice's effectively pleading itself out of court amounts to "a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981), and recommends that the Court dismiss Lattice's complaint with prejudice.

*Id.*

## IV.    Lattice's Objections

On January 2, 2026, Lattice filed objections to the magistrate judge's findings and conclusions. Lattice contends that the magistrate judge "erred in concluding that [its] allegations regarding telephone calling are implausible." Doc. 22 at 5. Lattice argues that the cited screenshots

"do not foreclose the possibility that Defendant's system automates significant aspects of the calling process—for example, by automatically queuing calls in the priority order specified by the user." *Id.* at 6.

Lattice's new argument raised for the first time in its Objections—that text message alarm notifications qualify as "one of the contact methods" required by the asserted claim—was not raised before the magistrate judge and, accordingly, has been forfeited and will not be considered. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("True enough, this court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation.") (citations omitted); *see also Jones v. City of Dallas, Texas*, No. 24-10803, 2025 WL 2491127, at *5 (5th Cir. Aug. 29, 2025) ("For example, when a party fails to present an argument to the magistrate judge, receives an adverse recommendation from the magistrate judge on the issue, and then seeks to raise an argument for the first time through an objection, the argument is forfeited altogether from further consideration, even on appeal.") (citations omitted).

Alternatively, even if the court considers Lattice's new argument, it agrees with BH Security (*see* Doc. 25 at 9-10) that Lattice still fails to state a plausible claim of infringement because it did not plead that text message alarm notifications satisfy the first of the two "automatically establishing communication" steps as required by the asserted claim. The text message alarm notification screenshot upon which Lattice relies in its objections is noticeably omitted from the first "automatically establishing communication" step. *See* Doc. 1, Ex. 2 at 45-53.

Order - Page 6

For these reasons, the court **overrules** Lattice's objections. Here, the court agrees with the magistrate judge that Lattice has not, and cannot, plead the two "automatically establishing communication" steps, and nothing in Lattice's objections remedies this deficiency. Lattice's claim chart makes clear that BH Security's accused system does not perform "automatic calling" as alleged. Rather, it does the opposite—a live operator manually calls contacts if needed only after the operator manually reviews certain information. Screenshots in Lattice's claim chart show BH Security provides "professional monitoring" involving "US-based professionals," and "[w]hen [an] alarm system is triggered, … [t]he dispatcher will review the information, and if needed, they call the police, fire department, or EMT." Doc. 1, Ex. 2 at 45, 51. The Report properly concludes "that content—those statements on BH Security's website, describing how its system operates—directly contradicts a required step in the process for alleging infringement of the method patent here: 'automatically establishing communication' with contacts." Doc. 21 at 8.

The court also agrees with the magistrate judge that, because Lattice's allegations are contradicted by its own claim chart, it has effectively pleaded itself out of court, and any amendment would be futile.[2] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires," however, is not without limitation. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In

---

[2] Even if the court granted leave to amend, it agrees with BH Security that, at best, Lattice could plead that text message alarm notifications satisfy the first "automatically establishing communication" limitation. Lattice's infringement allegations would still fail, however, because the asserted claim requires two separate "automatically establishing communication" steps, and, as recognized by the magistrate judge, *supra*, Lattice's own evidence shows the accused system follows up any text message with manual communication.

Order - Page 7

determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, for the reasons set forth by the magistrate judge, the court believes that permitting another pleading is an inefficient use of the parties' and the court's resources, causes unnecessary and undue delay, and is futile. Therefore, to the extent Lattice objects to the Report denying it an opportunity to amend, Lattice's objection is **overruled**.

### V.    Conclusion

Accordingly, having considered the pleadings, Defendant's Motion, legal briefing, record, and Report, and having conducted a de novo review of that portion of the Report to which objection was made by Lattice, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 9) and **dismisses with prejudice** Lattice's claims.

Further, the court **directs** the clerk of court to make a notation on the docket sheet reflecting that the following documents have been "STRICKEN" pursuant to this order: Plaintiff's reply brief (Doc. 26); Defendant's Opposed Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Objections (Doc. 27); Plaintiff Lattice Technologies, LLC's Opposition to Defendant's Motion for Leave to File a Sur-Reply (Doc. 28); and Defendant BH Security, LLC's Reply in Support of its Motion for Leave to File a Sur-Reply (Doc. 29).

Order - Page 8

The court will enter a judgment dismissing this action by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 23rd day of March, 2026.

Sam A. Lindsay
United States District Judge